UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                             Case No. 01-80448

v.

                             HONORABLE DENISE PAGE HOOD

LAMONT'E RUSSELL RICE,

       Defendant.

_____/

**MEMORANDUM OPINION & ORDER AND NOTICE OF RESENTENCING**

**I.     INTRODUCTION**

On June 27, 2003, Defendant Lamont'e Russell Rice was convicted of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Defendant was sentenced on October 31, 2003 to a 51-month term of imprisonment, followed by 3 years of supervised release.  Defendant appealed his conviction to the Court of Appeals for the Sixth Circuit on November 7, 2003.  On May 11, 2005, the parties filed a Joint Motion to Remand for Imposing Sentence with the appellate court.  In an Order dated June 3, 2005, the Court of Appeals granted the Motion and vacated Defendant's sentence and remanded the case to this Court for resentencing.

This matter is also before the Court on Defendant's Motion to Enter Exhibit Into Record and for Assignment of Docket Entry Number for Purpose of Perfecting the Record for Appeal and Motion for Reconsideration of Motion to Dismiss, filed December 16, 2003; Defendant's Motion to Enter Exhibit "A" Into Record and for Assignment of Docket Entry Number for Purpose of Perfecting the Record for Appeal, filed December 17, 2003; Petition for Concurrent Time Credit, filed August 31, 2004; and Defendant's Motion for Leave to File an Expedite [sic] Motion for Bond

Hearing Pending Remand for Resentencing Pursuant to F.R.C.P. 18 U.S.C. § 3142(a)(1) [sic], filed May 26, 2005.

## II. LAW & ANALYSIS

### A. Record on Appeal

Both of Defendant's December, 2003 Motions seek to enter into the record a document entitled "Michigan Department of Corrections Offender Movement Report" ("Report"). Defendant claims the Report constitutes newly discovered evidence not in his possession during this Court's proceedings. The Report was not presented to the Court during earlier proceedings.

Rule 10(e) of the Federal Rules of Appellate Procedure governs when a party may supplement the record after the filing of a notice of appeal. The rule provides, in pertinent part:

> **Correction or Modification of the Record.**
> **(1)** If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> **(2)** If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     **(A)** on stipulation of the parties;
>     **(B)** by the district court before or after the record has been forwarded; or
>     **(C)** by the court of appeals.
>
> **(3)** All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e). Rule 10(e) "allow[s] the district court to correct omissions from or misstatements in the record, not to introduce new evidence in the court of appeals." *S & E Shipping v. Chesapeake & Ohio Railway Co.*, 678 F.2d 636, 641 (6th Cir. 1982). Explaining the purpose of Rule 10(e) in more detail, the Sixth Circuit has instructed, "[w]e have not allowed the rule to be used

2

to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record." *U.S. v. Barrow*, 118 F.3d 482, 487-88 (6th Cir. 1997). The Court finds the record on appeal is accurate in its present state. The Court further finds that there are no omissions from or misstatements contained in the record necessitating the addition of the proffered Report. Defendant's Motions to enter the Report into the record on appeal are denied.

### B. Motion for Reconsideration

Defendant moves for reconsideration of the Court's denial of his Motion to Dismiss for Violation of the Interstate Agreement on Detainers, also on the basis of the newly discovered Report.

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3). This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003). The Court finds the Report does not demonstrate any "palpable defect" in its previous Order. Defendant's Motion for Reconsideration is accordingly denied.

### C. Petition for Concurrent Time Credit

Defendant, acting pro se, filed a Petition for Concurrent Time Credit seeking to substitute January 22, 2002, for December 9, 2003, as the correct start date of the service of his prison term.

The Government filed a Response in opposition to Defendant's Petition, arguing that Defendant has already sought concurrent time credit and been denied by the Court. The Government also points out that this Court does not have jurisdiction to alter Defendant's sentence once he filed a notice of appeal. As the Court of Appeals has now remanded the case to this Court for resentencing, it is clear that jurisdiction is now proper.

Prior to being sentenced in this matter, Defendant filed a Motion for Reconsideration to depart from the sentencing guidelines. In his Motion, Defendant sought concurrent time credit on the same basis currently advanced to the Court. At Defendant's sentencing hearing, the Court expressly denied Defendant's request for time credit. Defendant's present Petition for Concurrent Time Credit raises substantially the same issues previously addressed by the Court. For the reasons previously stated on the record at Defendant's sentencing hearing, the Court denies Defendant's Petition for Concurrent Time Credit.

### D. Leave to File Motion for Bond Hearing

In his Motion for Leave to File, Defendant seeks bond pending resentencing. Defendant also restates his claim for time credit, already discussed above. As the Court will conduct a new sentencing hearing pursuant to the June 3, 2005 Court of Appeals Order, Defendant's Motion is denied.

Accordingly,

IT IS ORDERED that Defendant's Motion to Enter Exhibit into Record and Motion for Reconsideration **[Docket No. 89, filed December 16, 2003]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Enter Exhibit "A" into Record **[Docket No. 90, filed December 17, 2003]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Petition for Concurrent Time Credit **[Docket No. 119, filed August 31, 2004]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File an Expedite [sic] Motion for Bond Hearing **[Docket No. 126, filed May 26, 2005]** is DENIED.

IT IS FURTHER ORDERED that Defendant will be resentenced on **Thursday, July 14, 2005, at 3:30 p.m.**

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: July 8, 2005